Arben SKENDAJ, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 08–2928.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Aug. 26, 2009.

Filed: Sept. 1, 2009.

Charles Christophe, Christophe & Associates, New York, NY, for Petitioner.

Zoe J. Heller, William C. Peachey, Jem C. Sponzo, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Arben Skendaj, a native and citizen of Albania, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal and affirming the Immigration Judge's ("IJ") denial of his

applications for relief. We will deny the petition.

Skendaj entered the United States in February 2005, joining his wife and son, who were already in this country pursuing asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Skendaj's wife claimed that she was persecuted on account of the political opinion of her father, a high-ranking member of the Albanian Democratic Party. Following a hearing in June 2005, at which Skendaj testified on behalf of his wife and son, the IJ denied their applications for relief. The BIA affirmed the IJ's decision, and we denied their petition for review. *See Skendaj v. Att'y Gen.*, 275 Fed.Appx. 126, 128–30 (3d Cir.2008) (non precedential).

Meanwhile, in December 2005, Skendaj filed a separate application for asylum and withholding of removal. Rather than testify again, Skendaj elected to rely on the testimony he had provided at the hearing involving his wife and son, a transcript of which was made part of the record. Updated background information on Albania was the only new evidence presented. The IJ concluded that, in the absence of any new facts, he was bound by the decision of the IJ in the case of Skendaj's wife and son. Consequently, the IJ denied Skendaj's applications for relief. The BIA dismissed Skendaj's appeal, concluding that his experiences did not rise to the level of persecution and that the record rebutted any presumption that his life or freedom would be threatened in the future.[1] Skendaj filed a timely petition for review.

We exercise jurisdiction to review the BIA's final order of removal under Immigration and Nationality Act ("INA") § 242(a) [8 U.S.C. § 1252(a) ]. Because the BIA provided its own analysis, we review the decision of the BIA. *See Lukwago v. Ashcroft*, 329 F.3d 157, 166 (3d Cir.2003). We use a substantial evidence standard to review factual findings, *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir.2003), including findings concerning an applicant's past persecution or "well-founded fear of future persecution," *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002). Under the substantial evidence standard, findings are upheld "unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 484 (3d Cir.2001). We review the BIA's legal conclusions de novo. *See Briseno–Flores v. Att'y Gen.*, 492 F.3d 226, 228 (3d Cir. 2007).

An applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A) ]. Significantly, "persecution connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Ahmed v. Ashcroft*, 341 F.3d 214, 217 (3d Cir.2003) (quotations omitted). It "does not include all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Id.*

---

1. The BIA also rejected Skendaj's claim that he did not receive a full and fair hearing before the IJ. In particular, the BIA noted that Skendaj was represented by counsel, agreed to rest on the testimony provided at the hearing involving his wife and son, received a review that included reports regarding current country conditions, and failed to identify any prejudice. Skendaj has not challenged this determination on appeal. *See In re Surrick*, 338 F.3d 224, 237 (3d Cir.2003) (recognizing that if a party fails to raise an issue in his opening brief, the issue is waived).

■ As evidence of persecution, Skendaj pointed to anonymous telephone threats and an attempted kidnapping of his son. "It is established ... that threats standing alone ... constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'" *Li v. Att'y Gen.*, 400 F.3d 157, 164 (3d Cir.2005) (internal citations and quotations omitted). Unfulfilled threats must be of a highly imminent and menacing nature in order to constitute persecution. *Id.* In this case, the anonymous threats were directed at Skendaj, his wife, and his mother. Fearing for their lives, Skendaj and his wife moved to Greece. There is no indication, however, that the callers ever attempted to carry out the threats. Furthermore, Skendaj specifically stated that his mother, who remained in Albania, was never harmed. Therefore, we agree that these incidents do not rise to the level of persecution.

■ Substantial evidence also supports the BIA's conclusion that the attempted kidnapping did not constitute past persecution on account of a protected ground.[2] The attempted kidnapping occurred during a trip to visit Skendaj's father-in-law. While the family was riding in a taxi, two motorcyclists, wearing helmets and dark clothing, approached the car. One motorcycle went to the right of the taxi, one went to the left, and one cyclist called to the other, "grab the kid, the window's open." One cyclist put his hand by the window as if to grab Skendaj's son, but the taxi driver was able to speed away. While no doubt frightening, this incident does not constitute persecution on account of a protected ground. Neither Skendaj nor his wife were able to identify the kidnappers, the kidnappers did not make any reference to the Skendajs' political opinion, the Skendajs did not report the incident to the police, and they did not experience further threats or confrontations. Therefore, we conclude that Skendaj has not shown that the record compels a finding that he suffered past persecution.

Absent a showing of past persecution, an applicant may still establish a well-founded fear of future persecution by demonstrating that his fear is "subjective and objectively reasonable." *Gomez–Zuluaga v. Att'y Gen.*, 527 F.3d 330, 346 (3d Cir.2008). An applicant can meet the objective prong either by showing that he would be individually singled out for persecution upon his return or that a pattern and practice of such persecution exists. *See Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir.2005). In adjudicating the case of Skendaj's wife and son, we were "not compelled to conclude that there is a pattern or practice in Albania of persecuting a protected group of which the petitioners are members." *Skendaj*, 275 Fed.Appx. at 130. Our decision was based in part on the 2004 United States Department of State "Profile of Asylum Claims and Country Conditions" for Albania. *Id.* Skendaj submitted the 2006 version of that Profile, along with the

---

2. Skendaj complains that the BIA failed to address whether "the kinship ties created by [his] marriage constituted a particular social group." The BIA did not specifically refer to Skendaj's allegation that he was part of a particular social group consisting of his family. But the BIA did state that it "concur[red] with the [IJ's] decision finding that the alleged events do not rise to the level of persecution on account of a protected ground." The IJ, in turn, endorsed the finding—made in connection with the asylum application of Skendaj's wife and son—that "the evidence does not establish a social group comprised of the family of" Skendaj's father-in-law. Under these circumstances, we conclude that the BIA adequately considered Skendaj's social group claim and maintain that substantial evidence supports the conclusion that Skendaj was not persecuted on account of membership in a social group.

2006 State Department Country Report on Human Rights Practices in Albania. These documents indicate that the Democratic Party took power following elections in 2005, that there were "no indications of systematic political persecution," and that "neither the Government nor the major political parties engage[d] in policies of abuse or coercion against their political opponents." Nothing in the Profile or Report compels the conclusion that Skendaj established a well-founded fear of future persecution. *See Cuko v. Mukasey,* 522 F.3d 32, 40 (1st Cir.2008) (holding that reliance on country reports was sufficient to rebut presumption of well-founded fear of future persecution based on support for Democratic Party in Albania).

Because Skendaj has not meet his burden of proof for asylum, he necessarily failed to meet the higher burden required for withholding of removal. *See Lukwago,* 329 F.3d at 182. Finally, substantial evidence supports the BIA's conclusion that Skendaj failed to demonstrate that it is more likely than not that he would be tortured by the Albanian government, or that the government would consent or acquiesce to his torture.

For the foregoing reasons, we will deny the petition for review.